IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN MCLAIN, #200 368, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-737-MHT |
| | ) [WO] |
| ALA. DEPT. OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 19, 2016, the court directed Plaintiff to show cause as to why this action should not be dismissed for his failure to submit a prison account statement from the account clerk at the Kilby Correctional Facility or the Decatur Work Release Facility showing the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his account during the past six months. *See* Docs. 4 & 6.  Plaintiff was cautioned that his failure to comply with the October 19, 2016 order on or before October 31, 2016 would result in a recommendation that his complaint be dismissed. Doc. 6.  The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the order of the court and to prosecute this action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

The Clerk of the Court is DIRECTED to file the recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objection to this recommendation on or before **November 28, 2016**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 14th day of November, 2016.

/s/ Gray M. Borden  
UNITED STATES MAGISTRATE JUDGE